**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BLUEFIELD DIVISION**

| | | |
|---|---|---|
| **TIMOTHY DOWELL, Sr.** | ) | |
| | ) | |
| **Movant,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 1:06-00628** |
| | ) | **(Criminal No. 1:04-0065)** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending is Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody filed on August 14, 2006. (Document No. 103.)[1] By Standing Order, this case was referred to the undersigned Magistrate Judge. (Document No. 105.) Pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, "[i]f it plainly appears . . . that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified." Pursuant to this Rule, the undersigned has concluded that it plainly appears that Movant is not entitled to relief under Section 2255, and therefore hereby respectfully recommends that Movant's Motion should be denied and this matter should be summarily dismissed.

**FACTUAL AND PROCEDURAL HISTORY**

Movant was charged in a three-count Indictment filed on April 1, 2004, with distributing cocaine base once on May 15, 2003 (Count One) and twice on December 3, 2003 (Counts Two and

---

[1] Because Movant is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer, and therefore, are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Three) in violation of 21 U.S.C. § 841(a)(1). (United States v. Dowell, Criminal No. 1:04-0065, Document No. 1.) On June 16, 2004, a Jury found Movant not guilty of the charges contained in Count One of the Indictment and guilty of the charges contained in Counts Two and Three. (Id., Document No. 35.) The District Court sentenced Movant on October 19, 2004, to a 121 month term of imprisonment and a three year term of supervised release. The District Court also imposed a $1,000 fine and a $200 special assessment. (Id., Document No. 52.) Movant appealed his sentence. (Id., Document No. 53.) Movant claimed that the District Court sentenced him improperly when it attributed a drug quantity to him greater than found by the Jury. The Fourth Circuit Court of Appeals affirmed Movant's conviction, vacated his sentence and remanded the matter to the District Court for resentencing. United States v. Dowell, 142 Fed.Appx. 714 (4th Cir. 2005). The Fourth Circuit stated as follows:

> Although the Sentencing Guidelines are no longer mandatory, Booker makes clear that a sentencing court must still 'consult [the] Guidelines and take them into account when sentencing.' 125 S.Ct. at 767. On remand, the district court should first determine the appropriate sentencing range under the Guidelines, making all factual findings appropriate for the determination. See Hughes, 401 F.3d at 546. The court should consider this sentencing range along with the other factors described in 18 U.S.C. § 3553(a)(2000), and then impose a sentence. Id. If that sentence falls outside the Guidelines range, the court should explain its reasons for the departure as required by 18 U.S.C. § 3553(c)(2)(2000). Id. The sentence must be 'within the statutorily prescribed range and . . . reasonable.' Id., 546 - 47.

The District Court resentenced Movant on October 4, 2005, to a 121 month term of imprisonment and a three year term of supervised release and imposed a $1,000 fine and a $200 special assessment. (United States v. Dowell, Criminal No. 1:04-0065, Document No. 78.) Movant appealed once again. His attorney filed an Anders brief and Movant filed a *pro se* supplemental brief asserting that the District Court improperly determined his sentence under the Guidelines and violated his due process rights. United States v. Dowell, 187 Fed.Appx. 332 (4th Cir. 2006). The

Fourth Circuit found that an informant testified that he bought six grams of cocaine base from Movant and "[a]t Dowell's sentencing hearing, the district court found by a preponderance of the evidence that the six grams of cocaine base were attributable to Dowell, applied the sentencing guidelines as advisory, and considered the § 3553 factors. The District Court properly calculated and considered Dowell's advisory guideline range and did not violated Dowell's due process rights." The Fourth Circuit further examined the entire record for error pursuant to Anders and, finding none, affirmed Movant's sentence.

Movant claims that (1) the District Court erred in attributing six grams of cocaine base to him because "the constitution/ex post facto laws mandate that [he] can not be held accountable for the infamous crime of distributing 6 grams of crack which was never charged."; (2) the District Court did not have subject matter jurisdiction ("jurisdiction over the 6 grams of cocaine base") "[b]ecause of no indictment, etc., the court jurisdiction under 18 U.S.C. § 3231 was never invoked over the 6 grams of cocaine base."; (3) "[t]he 6 grams can not be used for enhancement purposes because the court appointed no counsel to represent [him].Counsel was appointed for the charges of the indictments which did not include the 6 grams of cocaine base."; and (4) "[b]ecause of no indictment, no trial by petit jury on the 6 grams of cocaine base, [his] sentence [amounts] to a Bill of Attainder."

## **DISCUSSION**

The relevant portion of Section 2255 provides as follows:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

3

In order to be cognizable under Section 2255, claims based on other than constitutional or jurisdictional grounds must present exceptional circumstances that justify permitting a collateral attack.  Stated another way, the alleged error must amount to "a fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962).  Section 2255 is not a substitute for direct appeal.  United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). Accordingly, errors warranting a reversal on direct appeal will not necessarily support a collateral attack. Knight v. United States, 37 F.3d 769, 772 (1st Cir.1994).  See United States v. Addonizio, 442 U.S. 178, 184, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979). Failure to raise an issue presented in sentencing on direct appeal which is non-constitutional in nature amounts to a waiver of the right to contest the issue in Section 2255 proceedings. See United States v. Emanuel, 869 F.2d 795 (4th Cir. 1989).

With respect to issues which are constitutional in nature, absent a showing of good cause for and prejudice from failing to appeal as may be shown by a defendant in criminal proceedings, Section 2255 is no substitute, and the failure precludes Section 2255 review. Theodorou v. United States, 887 F.2d 1336, 1339-40 (7th Cir. 1989)("[A]bsent a showing of cause and prejudice, a defendant is barred from raising any constitutional challenge in a section 2255 proceeding which could have been raised on direct appeal."); United States v. Essig, 10 F.3d 968, 979 (3d Cir. 1993); See also United States v. Maybeck, 23 F.3d 888, 891 (4th Cir. 1994), cert. denied, 517 U.S. 1161, 116 S.Ct. 1555, 134 L.Ed.2d 657 (1996). The standard is conjunctive. As a general matter, therefore, movants must show good cause for and prejudice from their failure to raise any constitutional issues advanced under Section 2255 on direct appeal. See Theodorou, supra, 887 F.2d at 1340. Constitutional claims of ineffective assistance of counsel are the exception. They are more properly

4

raised in Section 2255 proceedings and not on direct appeal. United States v. Richardson, 195 F.3d 192 (4ᵗʰ Cir. 1999), *cert. denied*, 528 U.S. 1096, 120 S. Ct. 837, 145 L.Ed.2d 704 (2000).

None of Movant's claims are cognizable under Section 2255. Movant's claim that the District Court lacked subject matter jurisdiction to convict and sentence him based upon the six grams of cocaine base is clearly frivolous. 18 U.S.C. § 3231 confers subject matter jurisdiction over federal prosecutions upon the District Courts providing that "[t]he district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." See United States v. Hartwell, 448 F.3d 707, 716 (4ᵗʰ Cir. 2006), *quoting* Hugi v. United States, 164 F.3d 378, 380 (7ᵗʰ Cir. 1999)("Subject-matter jurisdiction in every federal criminal prosecution comes from 18 U.S.C. § 3231, and there can be no doubt that Article III permits Congress to assign federal criminal prosecutions to federal courts. That's the beginning and the end of the 'jurisdictional' inquiry.") Movant was properly charged by Indictment with violating 21 U.S.C. § 841(a)(1) and convicted. The Indictment is constitutionally sufficient[2] and meets the requirements of Federal Rule of Criminal Procedure 7(c)(1)(An indictment "shall be a plain, concise and definite written statement of the essential facts constituting the offense charged.") Movant did not challenge his conviction on appeal, and the Fourth Circuit has affirmed it. Movant's resentencing based upon the six grams of cocaine base was also affirmed on appeal. It is well-established that the District Court may rely upon uncharged and  acquitted conduct in determining an appropriate sentence as long as it is proven by a preponderance of the evidence. This standard has continued in effect after Booker.  See United States v. Wemmering, 232 Fed.Appx. 372 (4ᵗʰ Cir. 2007), cert.

---

[2] "To meet the demands of the Fifth and Sixth Amendments, an indictment must (1) contain the elements of the charged offense and fairly inform a defendant of the charges against him, and (2) enable him to plead double jeopardy in defense of future prosecutions for the same offense." *United States v. Sutton*, 961 F.2d 476, 479 (4ᵗʰ Cir. 1992), *cert. denied*, 506 U.S. 858, 113 S.Ct. 171, 121 L.Ed.2d 118 (1992).

denied, ____ S.Ct. ____, 2008 WL 833352 (U.S. Mar. 31, 2008); <u>United States v. Johnson</u>, 148 Fed.Appx. 488 (4th Cir. 2007), <u>cert. denied</u>, __ U.S. __, 128 S.Ct. 1297, __ L.Ed.2d __ (2008). It is further clear that Movant was represented by court-appointed counsel throughout all of the proceedings in the District Court and Court of Appeals. Movant does not allege any specific acts of his attorneys which might be regarded as constitutionally deficient, and the record does not reveal any act or omission of counsel in the proceedings in the District Court which might be cognizable under <u>Strickland v. Washington</u>, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984). Finally, the undersigned notes that the Fourth Circuit has determined that the Sentencing Guidelines do not constitute a bill of attainder stating that "[t]he Sentencing Reform Act and the Guidelines do not specifically single out any one individual for an increase in punishment." <u>United States v. Dorlouis</u>, 107 F.3d 248, 257 (4th Cir. 1997), <u>cert. denied</u>, 521 U.S. 1126, 117 S.Ct. 2525, 138 L.Ed.2d 1025 (1997). Movant's assertion that his sentence is tantamount to a bill of attainder is obviously without merit.

### <u>PROPOSAL AND RECOMMENDATION</u>

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and conclusions and **RECOMMENDS** that the District Court **DENY** Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody filed on May 16, 2007 (Document No. 103.), **DISMISS** this matter and remove it from the Court's docket.

Movant is notified that this Proposed Findings and Recommendation are hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(a), Federal Rules of Civil Procedure, Movant shall have three days (mailing/service) and then ten days

6

(filing of objections), for a total of thirteen days from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of <u>de novo</u> review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1366 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140, 155 (1985); <u>Wright v. Collins</u>, 766 F.2d 841, 846 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served upon the presiding United States District Judge, District Judge Faber, and this Magistrate Judge.

The Clerk is directed to file these Proposed Findings and Recommendation and to mail a copy of the same to Movant who is acting *pro se* in these proceedings.

Date: April 7, 2008.

R. Clarke VanDervort
United States Magistrate Judge