```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                          AT BLUEFIELD
```

TIMOTHY DOWELL, SR.,

    Plaintiff,

v.                                  CIVIL ACTION NO. 1:06-0628
                                     (Criminal Action No. 1:04-0065)

UNITED STATES OF AMERICA,

    Defendant.

## MEMORANDUM OPINION

       By Standing Order, this action was referred to United States Magistrate Judge R. Clarke VanDervort for submission of findings and recommendations regarding disposition pursuant to 28 U.S.C.A. § 636(b)(1)(B).  Magistrate Judge VanDervort submitted to the court his Findings and Recommendation on April 7, 2008, in which he recommended that the District Court deny plaintiff's motion pursuant to 28 U.S.C. § 2255, dismiss this matter, and remove it from the court's docket.

       In accordance with the provisions of 28 U.S.C.A. § 636(b), the parties were allotted ten days, plus three mailing days, in which to file any objections to Magistrate Judge VanDervort's Findings and Recommendation.  The failure of any party to file such objections constitutes a waiver of such party's right to a _de novo_ review by this court.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989).

On April 21, 2008, plaintiff filed objections to the Proposed Findings and Recommendation.  With respect to those objections, the court has conducted a de novo review.

On June 16, 2004, a jury found Dowell guilty of the charges contained in Counts Two and Three of a three-count indictment charging him with distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1).  The jury found Dowell not guilty on Count One.  On October 19, 2004, the court sentenced Dowell to, among other things, a term of imprisonment of 121 months.

On appeal, the Fourth Circuit Court of Appeals affirmed Dowell's conviction, vacated his sentence, and remanded the case for resentencing in accordance with <u>United States v. Booker</u>, 543 U.S. 220 (2005).  Dowell was resentenced on October 4, 2005, and he received the same sentence imposed at his original sentencing.[*]  The Fourth Circuit later affirmed Dowell's sentence.

Dowell first objects to the amount of drugs used to calculate his relevant conduct, in particular the 6 grams of cocaine base attributed to him by Barry Waldron based on

---

[*] On July 23, 2008, the court granted Dowell's motion, brought pursuant to 18 U.S.C. § 3582(c)(2), to reduce his sentence based on a subsequent reduction in the applicable sentencing guideline.  On November 1, 2007, the United States Sentencing Guidelines were amended to reduce by two levels the guidelines in Section 2D1.1 for cocaine base.  Subsequently, the Sentencing Commission amended Section 1B1.10 to make the crack amendment retroactive, effective March 3, 2008.  As a result of the amendment, the court reduced defendant's term of imprisonment to 97 months.

historical information.  Dowell contends that his sentence should have been based solely on the .83 grams of cocaine base recovered during the controlled buys.  As the court noted at sentencing and over Dowell's objection, it found the testimony of Waldron to be credible and, therefore, found the 6.83 grams were established by a preponderance of the evidence.  Finding no error in Dowell's sentence, the Fourth Circuit noted that "the District Court found by a preponderance of the evidence that the six grams of cocaine base were attributable to Dowell, applied the sentencing guidelines as advisory, and considered the § 3553 factors.  The District Court properly calculated and considered Dowell's advisory guideline range and did not violate Dowell's due process rights."  See United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005) ("Booker does not in the end move any decision from judge to jury, or change the burden of persuasion.  The remedial portion of Booker held that decisions about sentencing factors will continue to be made by judges, on the preponderance of the evidence, an approach that comports with the sixth amendment so long as the guideline system has some flexibility in application.") (quoting McReynolds v. U.S., 397 F.3d 479, 481 (7th Cir. 2005); see also United States v. Gables, 2008 WL 4963364, *1 (4th Cir. 2008) ("[A] district court does not violate the Sixth Amendment by making factual finding as to sentencing factors by a preponderance of the evidence as long as the fact-finding does not enhance the sentence

beyond the maximum term specified in the substantive statute."). Based on the foregoing, the objection is OVERRULED.

Dowell also objects that the court did not adequately explain its reasons for departing outside the guideline range, as required by 18 U.S.C. § 3553. This objection is without merit. First and most importantly, Dowell's sentence did not fall outside the properly calculated guideline range. As the Fourth Circuit acknowledged on appeal, the court correctly calculated and considered Dowell's advisory guideline range. Furthermore, the record makes clear that the court gave proper consideration to the § 3553 factors when it sentenced Dowell. Accordingly, this objection is OVERRULED.

Based on the foregoing, the court accepts Magistrate Judge VanDervort's findings and recommendation. The court further **DENIES** defendant's motion pursuant to 28 U.S.C. § 2255, dismisses the case, and directs the Clerk to remove this case from the court's active docket.

The Clerk is directed to forward a copy of this Memorandum Opinion to Mr. Dowell and to counsel of record.

**IT IS SO ORDERED** this 28th day of January, 2009.

> ENTER:
>
> David A. Faber
> Senior United States District Judge